NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

THOMAS S. WALLS, PETITIONER, v. NATIONAL BENEFIT
LIFE INSURANCE COMPANY, RESPONDENT.

\* \* \* \* \* \* \*

The petitioner, Thomas S. Walls, was .employed by the respondent company as an insurance collector, and on October 20th, 1927, while he was collecting insurance for the respondent company, and at the same time getting new business, he was struck by an automobile truck, rendered unconscious, and immediately removed to the City Hospital, Newark, New Jersey. It appeared without dispute that the petitioner, Thomas S. Walls, was employed by the respondent company for several years, and that it was his duty to collect insurance premiums for the said respondent company, and at the same time endeavor to obtain new business. It was while he was making several collections, and in crossing Belmont avenue, at or near the intersection of Avon avenue, in the city of Newark, county of Essex and State of New Jersey, he was struck by a truck and injured. He remained at the City Hospital from October 20th, 1927, to November 10th, 1927, when he was discharged. It further appears from the testimony that the petitioner, Thomas S. Walls, received a possible concussion of the brain, total blindness of the right eye, and a partial blindness of the left eye, to the sight of 20-20.

The respondent company was represented at the hearing by George W. Gregory. Testimony further shows that Thomas S. Walls, prior to the accident, had been a healthy, strong and well man, and had fairly good eye sight. It further

appears that as a result of the accident, during the course and scope of his employment, he has not only lost the sight of his right eye, but his left eye has been affected thereby. It further appears that since the accident he has exhibited such symptoms as dizziness, headaches and vomiting.

Both doctors, William R. Silverstein and Maurice Klein, agree that as a result of the aforesaid accident, the petitioner, Thomas S. Walls, is totally blind on the right eye, and partially blind on the left eye, and has a disability of between thirty to thirty-five per cent. Dr. C. Wallace Hurff, employed by the respondent concern, agrees with both doctors in the respect that he is totally blind on his right eye and partially blind on his left eye, and has shown evidence of a possible concussion of the orbit of the right eye, and has exhibited the usual symptoms of dizziness, headaches, &c.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is therefore found and determined that the petitioner, Thomas S. Walls, suffered a total loss of his right eye and a partial loss of his left eye, on October 20th, 1927, as a result of the accident which arose out of and in the course and scope of his employment for the respondent company. It is further found that the employment of the petitioner, Thomas S. Walls, with the respondent company, is not disputed, and that his wages were between $40 and $50 a week.

I therefore find and determine that the petitioner, Thomas S. Walls, is entitled to compensation for temporary disability for a period of six weeks, none of which has been paid, and compensation for permanent disability for a period of one hundred and fifty weeks, based upon thirty per cent. of total disability, the compensation rate being $17. I further find that the petitioner, Thomas S. Walls, is entitled to the sum of $150 to cover his medical expenses, payable by respondent, and that his counsel, Raymond H. Cohen, is entitled to a counsel fee of $5 for stenographic fee and $12 for subpœna fees.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*